UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LORENZO WARREN,

                            Petitioner,           **<u>ORDER</u>**

    -against-                                   10-CV-4114 (SJF)

UNITED STATES OF AMERICA,

                            Respondent.
-----------------------------------------------------------X

FEUERSTEIN, United States District Judge:

On September 2, 2010, incarcerated petitioner Lorenzo Warren ("petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [Docket Entry No. 1]. The government opposes the motion.

On September 12, 2011, petitioner also filed a motion under this docket number for modification of his sentence pursuant to 18 U.S.C. §3582(c) in light of amendments to the United States Sentencing Guidelines (the "Guidelines"). [Docket Entry No. 13]. For the reasons discussed below, petitioner's motions are denied in their entirety.

I.    Background

On May 22, 2007, petitioner was arrested in connection with a Drug Enforcement Administration and Suffolk County Police Department investigation into the distribution of cocaine base and cocaine in the Wyandanch, New York area. Government's Response in Opposition ("Govt. Opp.") [Docket Entry No. 7] at 4. On June 21, 2007, petitioner and a number

1

of alleged co-conspirators were indicted by a federal grand jury. Id. The indictment charged petitioner with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(A)(ii)(II) and 841(b)(1)(A)(iii), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id.; Superseding Indictment, Case No. 07-cr-516.

On May 19, 2008, petitioner executed a plea agreement with the government. Govt. Ex. 1 at 1-6. The plea agreement estimated petitioner's base offense level under the Guidelines to be thirty-two (32). Id. at 2. With a two (2)-level reduction for acceptance of responsibility and a one (1)-level reduction for pleading guilty on or before May 19, 2008, petitioner's total adjusted offense level was estimated to be twenty-nine (29). Id. at 2-3. Under that calculation, assuming petitioner's Criminal History Category to be III, the recommended Guidelines range was one hundred eight (108) to one hundred thirty-five (135) months' imprisonment. Id. at 3.

As part of the plea agreement, petitioner agreed that he would "not [] file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction of sentence in the event that the Court imposes a term of imprisonment of 135 months or below." Id. at 3. The plea agreement further stated that "[a]part from the written proffer agreements . . . no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties." Id. at 5.

That same day, petitioner entered a plea of guilty to the charge of conspiracy to distribute and possess with intent to distribute cocaine base. Govt. Opp. at 1; Govt. Ex. 2. At the plea hearing, Magistrate Judge Michael Orenstein confirmed, inter alia, that petitioner had received a

2

copy of the superseding indictment, Govt. Ex. 2 at 7:11-16; that petitioner did not have questions about the charges against him, id. at 7:17-19; and that petitioner had discussed the case with defense counsel, id. at 7:6-8. Petitioner represented to the court that he had signed the plea agreement after reviewing it "page by page and paragraph by paragraph" with defense counsel, id. at 10:3-14, and that he had an opportunity to ask his attorney questions about the agreement, id. at 10:15-20. Furthermore, petitioner acknowledged that he was waiving his right to appeal if he was "sentenced to 135 months or less . . . ." Id. at 15:14-16. Based upon petitioner's testimony, Magistrate Judge Orenstein recommended that this Court accept the plea of guilty. Id. at 21:20-22:6.

On November 20, 2008, this Court sentenced petitioner principally to a term of one hundred eight (108) months' imprisonment and four (4) years' supervised release. Govt. Ex. 3 at 10:16-19. Notwithstanding the waiver of his right to appeal or otherwise challenge his conviction or sentence, petitioner appealed to the U.S. Court of Appeals for the Second Circuit. By order dated September 9, 2009, the Second Circuit granted the government's motion to dismiss the appeal, finding that petitioner had failed to demonstrate that the waiver of his appellate rights was unenforceable. Case No. 07-cr-516, Docket Entry No. 366.

On September 2, 2010, he filed the instant petition.

II.   Discussion

   A.   Petitioner's Arguments

Petitioner's arguments are twofold. First, he argues that he did not "enter a voluntary, knowing and intelligent guilty plea" because "both [the] court and counsel failed to adequately

3

inform him of the nature [of] the charges [against him and] the consequences of his plea." [Docket Entry No. 1] at 5. Second, he argues that the attorneys who represented him in the trial court and on appeal provided constitutionally ineffective assistance of counsel. Id. at 6.[1]

B.     Analysis

A "collateral attack on a final judgment in a criminal case is generally available under [28 U.S.C.] § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). In order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources, the scope of review on a 28 U.S.C. §2255 motion should be narrowly limited. Graziano, 83 F.3d at 590 (citing cases). If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may dismiss the petition without holding an evidentiary hearing. See 28 U.S.C. §2255(b).

1.     Petitioner's § 2255 Waiver

As part of the plea agreement, petitioner agreed that he would "not [] file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the

---

[1] Petitioner's motion for appointment of counsel, see Docket Entry No. 13, is denied because the interests of justice do not require such an appointment. See 18 U.S.C. § 3006A(a)(2)(B); see also Viera v. United States, 832 F.Supp.2d 222, 225 n. 2 (E.D.N.Y. 2011). Not only are petitioner's claims without merit, but the issues raised herein are not particularly complex and petitioner has adequately set forth his arguments in court filings. See generally Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

4

conviction of sentence in the event that the Court imposes a term of imprisonment of 135 months or below." Govt. Ex. 1 at 3.

"There is no general bar to a waiver of collateral attack rights in a plea agreement," Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001)), and a knowing and voluntary waiver of the right to challenge a conviction or sentence is valid and enforceable. See Garcia-Santos, 273 F.3d at 508-509; Rubinstein v. United States, Nos. 10 Cv 8106, 06 Cr. 316, 2011 WL 1362185, at *3 (S.D.N.Y. Apr. 8, 2011) ("The Second Circuit has repeatedly held that a defendant's waiver of the right to file a Section 2255 motion in a plea agreement is valid and enforceable."). Ordinarily, this waiver would bar the claims in a Section 2255 petition.

"However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured . . . ." Frederick, 308 F.3d at 195-96 (citing United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001)). Therefore, petitioner's claims may survive the appellate waiver insofar as they relate to the voluntariness of his guilty plea and appellate waiver. See, e.g., Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (ineffective assistance of counsel claim may survive guilty plea or appeal waiver when the claim "connects the alleged ineffectiveness of [the] attorney with the voluntary nature of [the defendant's] plea"); Frederick, 308 F.3d at 196 ("Appellant is not . . . barred under the terms of the plea agreement [which included an appellate waiver] from bringing the present petition to the extent it claims a violation of Rule 11 . . . ."). To the extent they do survive the waiver, petitioner's claims fail on their merits.

5

2. The Merits

    a. Petitioner's Argument that the Guilty Plea was Not Voluntary, Knowing, and Intelligent

Petitioner contends his guilty plea was not voluntary, knowing, and intelligent because he was not adequately informed of the nature of the charges against him or the consequences of his guilty plea. Petitioner argues, inter alia, that Magistrate Judge Orenstein failed to ensure that he understood the elements of the crime for which he was charged; that he was "assured by the court and by his counsel that his actual sentence exposure was limited to five years or under"; that the court "failed to explain the supervised release"; and the court failed to inform him that the sentencing judge must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the ultimate sentence. Petitioner's Brief ("Pet. Br.") [Docket Entry No. 10] at 20. These claims are entirely without merit.

A plea is not considered voluntary if the defendant does not receive "real notice of the true nature of the charge against him." Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (quotations and citation omitted). However, "sufficient notice can be provided in various ways." Frederick, 308 F.3d at 197. Under Federal Rule of Criminal Procedure 11, a district court must, inter alia, "determine that the defendant understands . . . the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(G). However, "[a] district court is not required to follow any particular formula in determining that defendant understands the nature of the charge to which he is pleading guilty." United States v. Andrades, 169 F.3d 131, 135 (2d Cir. 1999). Petitioner received adequate notice of the charges against him at every step: in the superseding indictment, in the plea agreement, and during the plea hearing.

6

First, the plea agreement referred to the superseding indictment and stated the charges to which petitioner was pleading guilty. Govt. Ex. 1 at 1-2. The plea agreement explicitly stated that the count carried a "[m]aximum term of imprisonment" of forty (40) years and a "[m]inimum term of imprisonment" of five (5) years, as well as a supervised release term between four (4) years and life. Id. at 1. The agreement further stated that petitioner's estimated Guidelines range was one hundred eight (108) to one hundred thirty five (135) months' imprisonment. Id. at 3. Petitioner signed the document, verifying that he had "read the entire agreement," "discussed it with [his] attorney," "underst[ood] all of its terms," and was "entering into it knowingly and voluntarily." Id. at 6. At the plea hearing, petitioner represented that he had received a copy of the superseding indictment, that he had no questions about the charges against him, and that he had reviewed the plea agreement with his attorney. Govt. Ex. 2 at 7:6-19; 10:3-20; see generally Andrades, 169 F.3d at 135 (Rule 11 "satisfied where the charging instrument plainly describes the offense and defendant acknowledges that he read, understood, and discussed with his attorney that legal document").

Second, the plea hearing also provided petitioner with adequate notice of the charges against him. Magistrate Judge Orenstein reviewed the elements of the crime with which petitioner was charged, and inquired into the conduct that made petitioner guilty of the crime. Petitioner admitted that he "sold crack" on April 18, 2007, and that he knowingly agreed with others to sell "28 grams" of cocaine base.[2] Id. at 19:14-21:16; see United States v. Rivera, 391

---

[2] As the government pointed out during the plea proceeding, under the terms of the plea agreement, petitioner was required to admit that he "sold five grams or more [of] cocaine base." Govt. Ex. 2 at 20:17-21.

Fed.Appx. 85, 86-87 (2d Cir. 2010) (defendant had adequate notice when district court performed a factual inquiry during which defendant admitted to committing the charged crime).

Petitioner's claim that he was advised he would receive a prison sentence of no longer than five (5) years is flatly contradicted by the record. Again, the plea agreement explicitly stated that the maximum term of imprisonment was forty (40) years, and that petitioner's estimated Guidelines range was one hundred eight (108) to one hundred and thirty-five (135) months. Govt. Ex. 1 at 1, 3. The plea agreement also stated that:

> [N]o promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from the aforementioned written proffer agreements, this agreement supersedes all prior promises, agreements or conditions between the parties.

Govt. Ex. 1 at 5-6.

Magistrate Judge Orenstein reviewed the potential sentencing range, as outlined in the plea agreement, with petitioner. When asked whether he understood that the maximum term of imprisonment was forty (40) years, and the minimum term five (5) years, petitioner responded in the affirmative. Govt. Ex. 2 at 12:1-8. The court also explained the Guidelines range and petitioner's waiver of his right to appeal or collaterally attack his sentence. Id. at 13:6-15:23.[3]

---

[3] The following exchange also took place on the record:

| | |
|---|---|
| THE COURT: | Did anyone promise you what your sentence would be? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Did Mr. Shoer promise you what your sentence would be? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Did Mr. Durham promise you what your sentence would be? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Did I make any promises to? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | How about the marshals standing? |
| THE DEFENDANT: | No, Your Honor. |

Petitioner's claims that Magistrate Judge Orenstein failed to explain supervised release or to inform him that the sentencing judge must consult the 18 U.S.C. §3553 factors are equally meritless. The plea agreement outlines the minimum and maximum terms of supervised release, as well as the consequences for violating the conditions of supervised release, all of which Magistrate Judge Orenstein also reviewed with petitioner at the plea hearing. Govt. Ex. 1 at 1-2; Govt. Ex. 2 at 12:9-20. Magistrate Judge Orenstein also explained that the sentencing judge is "not compelled to sentence [petitioner] within the guidelines range" and "has to consider other factors in addition to ... the guidelines range." Govt. Ex. 2 at 16:13-21.

Petitioner's statements, made under oath at his plea allocution, "carry a strong presumption of verity." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (quoting United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997)). Such testimony "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). Petitioner's claims that he was uninformed and misled are clearly belied by the record. Thus, even if these claims are not barred by petitioner's waiver, they fail on their merits.[4]

---

Govt. Ex. 2 at 18:23-19:7.

[4] Petitioner also suggests that his guilty plea was not voluntary, knowing, and intelligent because he was "under the [influence] of drugs" at the time of pleading guilty. Pet. Br. at 20. At the plea hearing, Magistrate Judge Orenstein inquired into petitioner's mental state. Govt. Ex. 2 at 4:16-6:9. In response to the court's questions, petitioner stated that he had not taken any narcotic drug in the past twenty-four (24) hours, that he had a clear mind, and that he understood what was happening in court. Id. Defense counsel stated that he did not have any doubt as to the petitioner's mental or physical competence at the time of the plea hearing. Id. at 6. Given that petitioner's testimony "carries a strong presumption of accuracy," Juncal, 245 F.3d at 171, the Court rejects his belated claim that he was incapable of entering a valid guilty plea because was under the influence of drugs. See Manzullo v. New York, No. 07 CV 744, 2010 WL 1292302, at *6 (E.D.N.Y. Mar. 29, 2010)("Petitioner 'cannot now challenge his plea by

9

b.  Ineffective Assistance of Counsel Claims

Nor has petitioner met his burden to demonstrate ineffective assistance of counsel, to the extent these claims survive the waiver of his right to file the instant petition. In order to prevail on an ineffective assistance of counsel claim, a defendant must satisfy a two-pronged test: "(1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bennett v. United States, 663 F.3d 71, 84 (2d Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674) (1984)) (internal citations and quotation marks omitted). "The Strickland standard is 'highly demanding.'" Id. at 85 (quoting Kimmelman v. Morrison, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. When a petitioner challenges the effectiveness of his counsel during the plea process, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

---

claiming that he lied previously under oath . . . .'").

Petitioner argues that his attorney in the trial court was ineffective for the following reasons: (1) "assur[ing]" petitioner that his base offense level would be twenty-six (26) and that his prison sentence would be under five (5) years; (2) failing to object to a sentence based on the 2007 Sentencing Guidelines rather than the 2008 Guidelines; (3) failing to "notice that the drug amount table that was used [wa]s incorrect and had prejudiced the movant in being held accountable for drug amounts . . . not in the indictment . . ."; (4) failing to "investigate" petitioner's criminal history category; (5) allowing petitioner to sign the plea agreement and plead guilty without a specified amount of drugs agreed upon by all parties; (6) failing to review petitioner's Presentence Investigation Report ("PSR") with him prior to the sentencing hearing; (7) failing to investigate petitioner's competency to enter into the plea agreement and plead guilty; (8) failing to adequately notify the court that petitioner "is a drug addict and his involvement was for the sole purpose of supporting his habit of using drugs"; (9) "allowing" Magistrate Judge Orenstein to recommend that his guilty plea be accepted; (10) failing to "notice [] defects" during the plea hearing; (11) failing to seek withdrawal of the guilty plea once the government asked for a sentence of one hundred eight (108) months' imprisonment; (12) failing to seek a reduced sentence in light of the applicable 18 U.S.C. § 3553(a) factors; and (13) failing to object to the government's request for clarification during the sentence hearing. See Pet. Br. at 22-24.

Since petitioner waived his right to collaterally attack his conviction or sentence, many of these claims are now barred from review. See Parisi, 529 F.3d 134. "An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel" and where the claim "connect[s] the knowing and

voluntary nature of the defendant's plea decision with the attorney's conduct . . . ." Id. at 138-39 (internal quotations and citation omitted); see also Anisiobi v. United States, No. 10-CV-3595, 2012 WL 1865504, at *3 (E.D.N.Y. May 22, 2012) ("[A] waiver is not enforceable if a defendant can demonstrate that he unknowingly or involuntarily agreed to the plea directly due to the ineffective assistance of his counsel."); Marulanda v. United States, No. 07 CV 5301, 2009 WL 1546315, *2 (E.D.N.Y. June 2, 2009) (waiver remains enforceable "with respect to claims of ineffective assistance of counsel that are limited to post-plea events (e.g. sentencing) . . ."). For petitioner's ineffective assistance of counsel claims to survive his waiver, he must relate the ineffective assistance "to the process by which [he] agreed to plead guilty," Parisi, 529 F.3d at 138, and show that "the plea itself was not knowing and voluntary because the *advice* he received from counsel was not within acceptable standards," United States v. Howard, 443 Fed.Appx. 596 (2d Cir. 2011) (emphasis in original) (quotation and citation omitted).

The second and eighth through thirteenth arguments are all clearly barred by the waiver. See Parisi, 529 F.3d 134; Anisiobi, 2012 WL 1865504, at *4 (dismissing petitioner's claims challenging, inter alia, defense counsel's representation during sentencing because of petitioner's waiver). To the extent that the remaining arguments challenge "the process by which [petitioner] agreed to plead guilty," these claims fail on their merits.

      i.    Counsel's Purported Representations Regarding Length of Sentence

As discussed supra, any claim that petitioner was misinformed, by his attorney or anyone else, of his potential sentence exposure is meritless. The plea agreement and plea hearing were

12

abundantly clear of the consequences of pleading guilty and that petitioner faced a prison term of five (5) to forty (40) years. Even if petitioner could show that he received incorrect legal advice from his attorney, "any faulty advice . . . was cured by the Court's detailed questioning of the petitioner at the plea allocution, which alerted the petitioner of the 'actual sentencing possibilities.'" Benigno v. United States, 285 F.Supp.2d 286, 300 (E.D.N.Y. 2003) (quoting Rosenfeld v. United States, 972 F.Supp. 137, 146 (E.D.N.Y 1997)). Thus, the Court rejects this claim in its entirety. See, e.g., Pineda v. United States, No. 10 Civ. 2385, 2010 WL 6501656, at *4 (S.D.N.Y. Oct. 26, 2010) (Report and Recommendation), adopted by 2011 WL 1419615 (S.D.N.Y. Apr. 11, 2011) (ineffective assistance of counsel claim was meritless because it was "rebutted by the record, which indicate[d] that [the petitioner] was clearly warned and affirmed he was aware" of his sentence exposure); Jackson v. United States, No. 07-CV-1303, 2009 WL 3246749, at *4 (N.D.N.Y. Oct. 5, 2009) (motion to vacate denied "[s]ince [] objective facts belie[d] petitioner's [] claim that he was assured by counsel that [he] could not receive a sentence that exceeded one hundred twenty months imprisonment if he pleaded guilty."); Rivera v. United States, Nos. 06 Civ. 14421, 04 Crim. 407, 2007 WL 1953430, at *9 (S.D.N.Y. July 6, 2007) (petitioner failed to show ineffective assistance where there was no evidence that attorney assured him of shorter sentence); Benigno, 285 F.Supp.2d at 299-300 (ineffective assistance claim was meritless because of petitioner's sworn statements rebutting his claim).

ii. Failure to Investigate Petitioner's Competency

Petitioner also argues that he was not competent to sign the plea agreement or plead guilty, presumably because he was under the influence of "drugs," and that counsel was

13

ineffective for failing to raise this issue. See Pet. Br. at 20, 23. Assuming this argument survives the waiver, it is meritless. Although counsel may be ineffective for failing to move for a competency hearing under certain circumstances, see generally United States v. Brooks, No. 06-CR-0550, 2012 WL 2000792, at *13 (E.D.N.Y. June 4, 2012) (citing Jermyn v. Horn, 266 F.3d 257, 283 (3d Cir. 2001)), there is no reason to doubt petitioner's competency at the times that he entered into the plea agreement and pleaded guilty.

At the plea hearing, petitioner stated on the record and under oath that he was not under the influence of narcotics and that he was able to understand the proceedings. Govt. Ex. 2 at 4:21-22, 5:16-19. Petitioner does not now offer any "substantial reason" to discredit his testimony on his competency, Juncal, 245 F.3d at 171, and there is nothing in the record to prove that he was not competent, see Chavez v. United States, 764 F.Supp.2d 638, 643 (S.D.N.Y. 2011). Defense counsel also expressed his belief that petitioner was competent. Govt. Ex. 2 at 6:7-9. Accordingly, petitioner has failed to demonstrate ineffective assistance of counsel.

### iii. Failure to Resolve Drug Amount

Petitioner also appears to argue that counsel was ineffective for allowing him to plead guilty without having all parties stipulate to a specific drug amount. See Pet. Br. at 22, 25. In essence, he appears to object to the fact that he was held responsible for a greater amount of cocaine base than that he specifically admitted to distributing during his plea proceeding. Again, even assuming that this argument survives the waiver by relating to the voluntariness of the plea, there is nothing to indicate that counsel's actions in this regard were "outside the wide range of professionally competent assistance." See generally United States v. Mejia, 324 Fed. Appx. 51,

53 (2d Cir. 2009) (since defendant pleaded guilty to "a crime requiring five (5) kilograms *or more*," district court was "empowered to determine the amount of drugs that were involved" for purposes of sentencing); United States v. McLean, 287 F.3d 127, 133 (2d Cir 2002) (as long as sentence is "not greater than the maximum penalty authorized by statute for the offense charged and . . . allocuted to by the defendant," district court may consider drug quantity for sentencing purposes, even if drug quantity was not charged in indictment as element of offense). Again, petitioner cannot show ineffective assistance of counsel because he was clearly advised of his ultimate sentence exposure and received a sentence well within the permissible range.[5]

        iv.    Failure to Review PSR with Petitioner and Investigate Petitioner's Criminal History Category

Next, petitioner argues that counsel was ineffective for: (1) failing to review petitioner's PSR prior to the sentencing hearing and failing to review the PSR with petitioner; and (2) failing to "investigate" petitioner's criminal history category. First of all, these allegations are factually inaccurate, as counsel submitted objections to the PSR and petitioner's criminal history category prior to sentencing. Case No. 07-cr-516, Docket Entry No. 264. At the plea hearing, counsel also objected to elements of the PSR and petitioner's criminal history category. Govt. Ex. 2 at 14:12-19. Even assuming the truth of these allegations, however, petitioner has failed to show that his attorney's failure to raise any particular arguments caused him prejudice or that counsel's

---

[5] Petitioner pleaded guilty to distributing five (5) grams or more of cocaine base. 21 U.S.C. § 841(b)(1)(B)(iii) (amended 2010). The statutory minimum term of imprisonment for selling five (5) or more grams of cocaine base was five (5) years and the statutory maximum was forty (40) years. Id. Since petitioner was sentenced to one hundred eight (108) months' imprisonment, his sentence was well within the range authorized by the statute.

15

decision was not a legitimate trial strategy. See generally United States v. Berkovich, 168 F.3d 64, 67 (2d Cir. 1999).

### v. Remaining Claims

The remaining claims are clearly barred by petitioner's Section 2255 waiver. In any event, these claims too are entirely without merit.

Contrary to petitioner's argument, defense counsel did assert significant arguments for sentencing leniency based on the 18 U.S.C. §3553(a) factors. See Case No. 07-cr-516, Docket Entry No. 264. Next, petitioner's claim that he did not consent to pleading guilty before Magistrate Judge Orenstein is plainly false. Govt. Ex. 2 at 6:10-23 (acknowledging that "after speaking to Mr. Schoer . . . [petitioner] wish[ed] to proceed before [Magistrate Judge Orenstein]"). Furthermore, counsel was not ineffective for failing to object to "defects" in the plea hearing because there were no defects in the plea hearing of which this Court is aware. See Frederick, 308 F.3d at 198. Nor was counsel ineffective for moving to withdraw the guilty plea because any such motion would have been groundless. See generally United States v. Gonzalez, 300 Fed.Appx. 39, 40 (2d Cir. 2008); United States v. Schmidt, 373 F.3d 100, 102-03 (2d Cir. 2004). Similarly, there would have been no basis for objecting to the government's requests for clarification at the conclusion of sentencing. Finally, as the government previously pointed out, see Case No. 07-cr-516, Docket Entry No. 381, petitioner did receive the benefit of Guidelines amendments that took effect before the date of his sentencing.

IV.     Motion for a Sentence Reduction Under Section 3582(c)(2)

Finally, petitioner has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). [Docket Entry No. 13].[6] The motion is denied.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, --- U.S. ----, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o)' and made retroactive pursuant to §994(u)." Id.

In evaluating a request for a sentence reduction pursuant to Section 3582(c), the Court must perform a "two-step inquiry." Id. at 2691. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 2692. "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). The Court, however, may not reduce a sentence "to a

---

[6] By order dated January 23, 2012, the Court appointed the Federal Defenders of New York, Inc. to represent petitioner in connection with any motion for a sentence reduction. Case No. 07-cr-516, Docket Entry No. 476. However, counsel has not supplemented petitioner's pro se submissions.

17

term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); see also United States v. Malloy, --- F.Supp.2d ----, 2012 WL 603725, at *4 (N.D.N.Y. Feb. 24, 2012). "[W]hether to deny an otherwise eligible defendant's motion for a sentence reduction pursuant to 18 U.S.C. §3582(c) is *discretionary*." United States v. Logan, --- F.Supp.2d ----, 2012 WL 616257, at *20 (E.D.N.Y. Feb. 23, 2012) (emphasis in original) (citing cases).

Pursuant to Guidelines 2D1.1(a)(3) and 2D1.1(c)(4), petitioner's base offense level at sentencing was thirty-two (32). PSR at ¶ 8. After receiving a three (3)-level reduction for acceptance of responsibility, petitioner's total offense level was twenty-nine (29). PSR ¶¶ 14-15. Given petitioner's Criminal History of Category III, his recommended Guidelines range was one hundred eight (108) to one hundred thirty-five (135) months' imprisonment. PSR ¶ 64.

Guidelines Amendment 750 has since altered the offense levels in Guidelines Section 2D1.1 applicable to offenses involving crack cocaine. This amendment applies retroactively. See U.S.S.G. § 1B1.10(c). According to the PSR, petitioner was held accountable for at least four hundred fifty (450), but less than five hundred (500) grams of cocaine base. On the basis of this figure, petitioner's base offense level remains at thirty-two (32), and his recommended term of imprisonment remains one hundred eight (108) to one hundred thirty-five (135) months. See U.S.S.G. § 2D1.1(c)(4) (2011). In that case, petitioner would not be eligible for a modification of his sentence. See 18 U.S.C. § 3582(c) (permitting court to reduce a term of imprisonment when "a sentencing range [] has subsequently been lowered by the Sentencing Commission"); see also United States v. Broadwater, No. 11-3893, 2012 WL 2951427, at *1 (7th Cir. July 20, 2012) ("[Petitioner's] base offense level had already been lowered to 32 by amendment 706 and

18

could not be reduced further by amendment 750, which assigns the same base offense level of 32 to defendants like [petitioner] who are responsible for between 280 to 840 grams of crack cocaine. Because his guidelines range did not change, the district court could not further reduce his sentence under § 3582(c)(2).").

Petitioner argues that he should have been held accountable for a significantly lower amount of cocaine base.[7] Even if petitioner was eligible for a sentence reduction, however, it would be denied. The one hundred eight (108) month sentence appropriately reflects the seriousness of this offense, serves the goals of general and specific deterrence, and promotes respect for the law. See 18 U.S.C. § 3553.

V.  Conclusion

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 is denied. His motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) is also denied. As the record plainly shows that petitioner is entitled to no relief, the motion is denied without a hearing, and a certificate of appealability will not issue, see 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to close this case.

---

[7] Petitioner argues that he should not be held responsible for any more than twenty-eight (28) grams. Pet. Br. at 22. However, petitioner agreed to plead guilty to an offense carrying a base offense level of thirty-two (32), which at that time corresponded to an offense involving one hundred fifty (150) to five hundred (500) grams of cocaine base. Govt. Ex. 1; U.S.S.G. § 2D1.1(c)(4) (2007).

**IT IS SO ORDERED.**

                                        s/ Sandra J. Feuerstein

                                        Sandra J. Feuerstein
                                        United States District Judge

Dated:       August 30, 2012
               Central Islip, New York